UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                        Case #13-CR-6013-FPG

v.

                                                        DECISION & ORDER


OTIS WILLIS and TIFFANY ST. DENIS,

                                        Defendants.
_____


## INTRODUCTION

By text order dated January 17, 2013, this case was referred to United States Magistrate

Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  ECF No. 8.  The

Second Superseding Indictment in this case alleges that Defendants Otis Willis ("Willis") and

Tiffany St. Denis ("St. Denis") conspired to engage in sex trafficking of minors in violation of 18

U.S.C. § 1594(c); engaged in sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1),

1591(b)(2) and 2, and further alleges that Defendant St. Denis distributed cocaine to a minor in

violation of 21 U.S.C. § 859(a).  ECF No. 73.

St. Denis' Motion seeks to suppress evidence seized from a Cricket Wireless phone as

the result of an August 9, 2012 search warrant, to suppress evidence seized from 495 Bay Street

pursuant to an August 23, 2012 search warrant for that location, and to suppress any statements

she made on that date to law enforcement.  St. Denis and Willis both seek to suppress evidence

of two photographic identification procedures.  ECF Nos. 17, 80, 116, 117.  Magistrate Judge

Payson held a suppression hearing on January 10 and 14, 2014 (ECF Nos. 92, 93) during which

Investigator Brian Tucker of the Rochester Police Department and Special Agent Barry Couch of the Federal Bureau of Investigation were called to testify by the government.  *Id.*  The Defendants did not present any witnesses.  *Id.*  On November 5, 2014, Magistrate Judge Payson issued her Report and Recommendation ("R&R") (ECF No. 126), which recommends the denial of the Defendants' suppression motions.  After receiving extensions of time, St. Denis filed her objections to the R&R on January 29, 2015 (ECF No. 148), and by letter dated February 6, 2015, Willis joined in those objections as they relate to the issue of identification.  ECF No.  150.  The Government filed their response on February 23, 2015.  ECF No. 151.

This Court must conduct a *de novo* review of those portions of the R&R to which objections have been made.  *See* 28 U.S.C. § 636(b)(1)(C).  In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.  As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearing.  Based upon that *de novo* review, I find no basis to alter, modify, or reject Magistrate Judge Payson's thorough and well-reasoned R&R.

<u>DISCUSSION</u>

I.    <u>Motion to Suppress Evidence from 495 Bay Street</u>

Magistrate Judge Payson recommended denying St. Denis' motion to suppress evidence recovered during the execution of a search warrant at 495 Bay Street on two separate grounds. First, Judge Payson determined that the challenged warrant was supported by sufficient probable cause that was not stale, and second, she determined that even if the warrant was somehow deficient, that the executing officers relied on that warrant in good faith, and therefore the exclusionary rule would be inapplicable pursuant to *United States v. Leon*, 468 U.S. 897 (1984).

While St. Denis has objected to Magistrate Judge Payson's finding that the warrant was supported by sufficient probable cause and not stale, she has not objected to the finding that the executing officers relied on the warrant in good faith. As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of that point. Fed. R. Crim. P. 59. ("Failure to object in accordance with this rule waives a party's right to review.") Since there is no objection regarding the *Leon* issue, I adopt Magistrate Judge Payson's finding on this issue. However, even if I were required to review the *Leon* issue *de novo*, there is simply no evidence in the record to suggest that the officers executing the search warrant did not rely on the issued warrant in good faith, nor is there any evidence at all to suggest that Magistrate Judge Payson was misled or that she wholly abandoned her judicial role, or that the warrant was so lacking in probable cause or facially deficient to render the officers' reliance on the warrant unreasonable. *Leon*, 468 U.S. at 923. As a result, St. Denis' motion to suppress evidence seized as a result of the search warrant executed at 495 Bay Street, Rochester, New York must be denied.

Even if *Leon's* good faith analysis were removed from the equation, I also agree with Magistrate Judge Payson's determination that the challenged search warrant was indeed supported by probable cause that was not stale.

Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place," *Illinois v. Gates*, 462 U.S. 213, 230 (1983), and the law recognizes that probable cause "does not demand certainty but only a fair probability that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004). In reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by

resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and alterations omitted), as "courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." *Gaskin*, 364 F.3d at 457. Further, reviewing courts "must accord considerable deference to the probable cause determination of the issuing magistrate." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007)).

As Judge Payson pointed out, the challenged affidavit describes information provided by a minor who lived at 495 Bay Street, and who stated that St. Denis posted advertisements seeking to prostitute the minor while inside that location, and did so by using a cellular phone and laptop computer. In addition, the minor related that the laptop was located in 495 Bay Street. These facts provide sufficient probable cause to believe that evidence of sex trafficking activities – including the laptop – would be found at 495 Bay Street.

I also reject St. Denis' argument that the information to support this probable cause finding was stale. While it is true that the last time the minor was inside 495 Bay Street was at the end of July 2012, and about a month elapsed between that time and the August 23, 2012 search warrant affidavit, that lapse of time is not too great to dissipate the probability that evidence of a crime would be located at 495 Bay Street. A laptop computer is not something that is "temporary in nature or likely to dissipate over the intervening time," *United States v. LaMorte*, 744 F. Supp. 573, 576 (S.D.N.Y. 1990), and I therefore conclude, as did Judge Payson, that the approximately one month gap of time did not render the information in the affidavit stale. But again, even if the information were stale, there is no information to suggest that the executing officers did not rely on the warrant in good faith, and the *Leon* doctrine would make

suppression inapplicable in this situation – again, a determination that Magistrate Judge Payson made, and that St. Denis has not objected to.

Because the warrant was supported by sufficient probable cause and was not stale, and because there is no evidence to suggest that the executing officers did not rely on the warrant in good faith, St. Denis' motion to suppress evidence recovered during the execution of the search warrant is denied.

II.      <u>Motion to Suppress Evidence from a Cricket Wireless Phone</u>

St. Denis challenges the issuance of a search warrant issued on August 9, 2012 for a silver and black Samsung Cricket Phone, identification number A3LSCHR261 (the "Cricket Wireless phone"), and argues that the affidavit submitted was based upon false information and the veracity of the information described in the affidavit was concealed from Magistrate Judge Payson, who issued the challenged warrant.  St. Denis argued before Magistrate Judge Payson that the warrant was not supported by probable cause, and the R&R rejected that argument.  St. Denis has not objected to that determination.

In her R&R, Magistrate Judge Payson flatly rejected the credibility argument that St. Denis now advances.  In so doing, Magistrate Judge Payson stated that:

> St. Denis has not identified information undermining CW2's credibility that was known to Couch or other investigating agents at the time of the warrant application and not disclosed to the issuing judge. In fact, the affidavit discloses several statements made by CW2 in a subsequent interview that differed in some respects from statements she had previously made.  (See Docket # 80-5 at ¶ 10).  St. Denis has not identified other potentially conflicting, let alone false, undisclosed statements made by CW2 that were known or should have been known by the agents at the time the warrant issued.

ECF No. 126, at 30.

St. Denis' broad and unsupported objection to the contrary – which also does not provide any of the information described by Magistrate Judge Payson – provides no support in law or fact to even suggest that Magistrate Judge Payson's determination was incorrect, and I find no basis to disturb her determination.  St. Denis' motion to suppress evidence recovered from the Cricket Wireless phone is therefore denied.

III.   <u>Motion to Suppress Statements</u>

St. Denis advances a one sentence argument to this Court that "any statements made [on August 24, 2012] were involuntary as a result of threats of a harsh sentence and/or a promise of leniency" and that "[b]ased upon the hearing testimony" any statements she made should be suppressed.  ECF No. 148, at 6.  I disagree.

Magistrate Judge Payson found credible the testimony of Investigator Tucker that he advised St. Denis of her *Miranda* rights by reading them verbatim from a printed card, and asked St. Denis whether she understood those rights and if she would speak with him.  St. Denis answered both questions in the affirmative, and there is simply no evidence in the record to show that this waiver of her rights was anything other than a valid, knowing, and willing decision made by St. Denis.

While a defendant has the right to testify at a suppression hearing, and any such testimony would be insulated from direct use by the prosecution at trial, *see Simmons v. United States,* 390 U.S. 377 (1968), it is ultimately a defendant's choice whether or not to testify.  In this case, St. Denis chose not to testify, and the only support for her allegation is her affidavit of November 14, 2013, in which she states that any statements she made were involuntary because she "was scared by threats of a long prison term."  ECF No. 80-4, at ¶ 10.  While I will certainly take her affidavit into consideration, the Supreme Court has also directed district courts to give

such an affidavit of a non-testifying individual "such weight as his judgment and experience counsel." *U.S. v. Matlock,* 415 U.S. 164, 175 (1974) (footnote omitted). That weight "will be influenced by whether the affidavit is contradicted by more cogent evidence, especially that which withstands the scrutiny of cross-examination." *United States v. Miller*, 382 F. Supp. 2d 350, 362-63 (N.D.N.Y. 2005)

Here, Investigator Tucker explicitly testified that neither he nor anyone else present on August 24, 2012 made any threats or promises in order to get St. Denis to speak with him. ECF No. 92 at 16. Those statements were not challenged in any way on cross examination, and Magistrate Judge Payson specifically found that "Tucker did not make any threats or promises in order to induce St. Denis to speak." ECF No. 126, at 36. To the extent that St. Denis' argument is a disagreement with Magistrate Judge Payson's determination that Tucker's testimony was credible, "the Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) (Arcara, J.) (citing *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) and *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989)).

For all of these reasons, I find no merit in St. Denis' contentions, and her motion to suppress statements made on August 24, 2012 is also denied.

IV.     Motion to Suppress Identification Procedures

Both St. Denis and Willis seek to suppress two identification procedures that were conducted on August 8 and 20, 2012, as well as to prevent the individual who made those identifications – a minor victim, A.P. – from making an in-court identification of the Defendants at trial.

The prior identification of a defendant is generally admissible under Fed. R. Evid. 801(d)(1)(C).   An identification will only be excluded if the procedure that produced the identification is "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *see also United States v. Maldonado–Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). Even if the procedure was unnecessarily suggestive, the evidence may still be admitted "if, when viewed in the totality of the circumstances, it possesses sufficient indicia of reliability." *United States v. Simmons*, 923 F.2d 934, 950 (2d Cir. 1991); *see generally Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) ("reliability is the linchpin in determining the admissibility of identification testimony.").

In this case, Magistrate Judge Payson found the August 8 and 20, 2012 procedures were unduly suggestive, a determination that the government does not object to.   As such, the real question is whether the tainted identifications are independently reliable.   In doing so, courts consider the factors articulated by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 199 (1972), which include "the opportunity of the witness to view the [defendant] at the time of the [contact], the witness' degree of attention, the accuracy of the witness' prior description of the [defendant], the level of certainty demonstrated by the witness [during the identification], and the length of time between the [contact] and the [identification]." *Id.* at 199-200.

The Defendants argue that "Judge Payson erred in failing to recognize that there are circumstances where an unduly suggestive identification is an issue of admissibility to be determined by the Court, not an issue of the weight to be given to the testimony by a jury." ECF No. 148.   I disagree with this characterization of Magistrate Judge Payson's R&R.   On the contrary, Judge Payson's comprehensive R&R recognizes that she *could* recommend suppression

of the identification procedures, but under the facts presented and the applicable law, she determined that the identifications at issue here had a sufficient independent basis to find them reliable enough to be admissible, and that suppression was therefore not warranted.

As Magistrate Judge Payson recounted in her R&R, A.P. has testified inconsistently in the past, admitted to providing a false identification to the police that resulted in the arrest of an innocent person, and was frequently under the influence of drugs and alcohol during the time period relevant to this case.  Because of these issues, the Defendants argue vigorously to this Court (as they did to Magistrate Judge Payson) that I should find A.P. incredible as a matter of law, and preclude her testimony.  Magistrate Judge Payson rejected this argument, noting that while she had "misgivings about A.P.'s credibility on many issues," ECF No. 126, at 41, she could not find that "under all of the circumstances of this case there is a very substantial likelihood of irreparable misidentification warranting preclusion of A.P.'s identification testimony." *Id.* at 44 (citation omitted).  I agree with Judge Payson's determination.

The critical issue here is whether or not A.P. has an independent basis to provide reliable identification testimony regarding the Defendants in this case, and on this record, I conclude that such a basis exists.  As Magistrate Judge Payson aptly summarized, "A.P. testified that she met St. Denis at the latest during the summer of 2012 and lived with St. Denis and Willis at 495 Bay Street for approximately five days that summer.  She further testified that during that time she spent time with St. Denis and had two sexual encounters with Willis.  Despite her inconsistent testimony on many other topics, A.P.'s testimony was unvarying that she lived with St. Denis at 495 Bay Street and that she had sexual encounters with Willis at that address.  Such testimony establishes that A.P. had an independently reliable basis to identify both St. Denis and Willis." ECF No. 126, at 43.  In the end, A.P.'s prior issues are matters for the jury to consider in

deciding what weight to give to her testimony, but do not rise to the level of making her testimony or identification incredible as a matter of law.  As a result, the Defendants' motions to suppress identification procedures and testimony are denied.

<u>CONCLUSION</u>

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Marian W. Payson (ECF No. 126) in its entirety, and the Defendants' motions to suppress (ECF Nos. 17, 80, 116, 117) are denied in all respects.

IT IS SO ORDERED.

DATED:      Rochester, New York
            April 27, 2015

s/Frank P. Geraci, Jr.
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court